IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**DANIEL ZACHARY HARPER**,

    Plaintiff,                                          No. 2:15-cv-00102-MO

    v.                                                 ORDER OF PRELIMINARY INJUNCTION

**C/O HAWKINS #20862, Correctional Officer; CASEY CLEAVER, Sergeant; D. WHITLEY, Lieutenant; MARK NOOTH, Superintendent; LEONARD WILLIAMSON, Inspector General; and JOHN/JANE DOE, Special Investigations Unit**,

    Defendants.

**MOSMAN, J.**,

IT IS HEREBY ORDERED that Defendants Hawkins and Cleaver are enjoined from tampering with any witnesses in this case. I will consider it a violation of this order for Defendants to act in any way to attempt to alter or prevent the testimony of the witnesses in this case.

Federal Rule of Civil Produce 65(d)(1)(a) requires that I state the reasons why this injunction is issued. I incorporate my reasoning as outlined at Oral Argument on December 21, 2015. That reasoning and this injunction are based on a balancing of the factors outlined by the Supreme Court in *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.*

1 – ORDER OF PRELIMINARY INJUNCTION

Plaintiff has shown he has a likelihood of success on the merits based on his witness statements and filings. He has shown a serious likelihood of irreparable harm if his witnesses are threatened. Of particular concern is that the Defendants, as correctional officers, are in positions of power over Plaintiff's inmate witnesses. Given that power disparity, it is a very possible that continued threats would alter witness testimony and leave Plaintiff unable to advance his case and with no immediate remedy. A "stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Such is the case here, where a strong showing of irreparable harm—from actions that are already unlawful—bolsters Plaintiff's lesser showing of likelihood of success on the merits. As to the balance of equities and the public interest, both tip in favor of the Plaintiff. 18 U.S.C. §1512 prohibits witness tampering. A criminal statute applying a per se prohibition on witness tampering is the strongest possible evidence to suggest a prohibition on witness tampering is in the public interest and results in a balance of the equities.

Finally, I take seriously the cautions of the PLRA that:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). I am narrowly tailoring this relief by enjoining only witness tampering, something already prohibited by law, and applying that injunction only to Defendants Cleaver and Hawkins, the defendants whom Plaintiff has included in his allegations. Requiring these officers to follow the law should create no adverse impact on public safety or the operation of a criminal justice system.

2 – ORDER OF PRELIMINARY INJUNCTION

For the above reasons, Plaintiff's Motion for Preliminary Injunction [77] is GRANTED IN PART as outlined above with respect to witness tampering and DENIED IN PART as to the rest.

IT IS SO ORDERED.

DATED this   8th   day of January, 2016.

        /s/ Michael W. Mosman
        MICHAEL W. MOSMAN
        United States District Court

3 – ORDER OF PRELIMINARY INJUNCTION