IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**DANIEL ZACHARY HARPER**,

    Plaintiff,

    v.

**C/O HAWKINS #20862, Correctional Officer; CASEY CLEAVER, Sergeant; D. WHITLEY, Lieutenant; MARK NOOTH, Superintendent; LEONARD WILLIAMSON, Inspector General; and JOHN/JANE DOE, Special Investigations Unit**,

    Defendants.

No. 2:15-cv-00102-MO

OPINION AND ORDER

**MOSMAN, J.**,

Plaintiff and Defendants have made cross-motions for summary judgment. I DENY Plaintiff's Motion for Summary Judgment [15]. I GRANT IN PART and DENY IN PART Defendants' Motion for Summary Judgment [103]. Defendants' Motion as to claims 1 and 5 is GRANTED. Defendants' Motion as to Superintendent Nooth is GRANTED. Defendants' Motion as to claims 2, 3, and 4 is DENIED.

## Background

Plaintiff Harper is suing Defendants Hawkins, Cleaver, Whitley and Nooth alleging they improperly retaliated against him for use of the prison's grievance process. Plaintiff alleges Defendant Hawkins 1) harassed Plaintiff, verbally and through improper cell inspections, in retaliation for Plaintiff requesting grievance forms; 2) told other inmates Plaintiff was a snitch in an effort to get the other inmates to attack Plaintiff; 3) issued a false misconduct report to

1 – OPINION AND ORDER

Plaintiff and others for sitting five at a table when only four people were sitting there; 4) tried to have Plaintiff's medical helper removed; and 5) told other correctional officers of confidential informants who had indicated Plaintiff was violating prison rules against unlawful organization, which resulted in misconduct reports and discipline for Plaintiff. Defendants Cleaver and Whitley were the two officers Defendant Hawkins told about the confidential informants. Defendant Nooth is the Superintendent of Snake River Correctional Institute ("SRCI") and is being sued under a theory of supervisory liability.

## Legal Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The initial burden for a motion for summary judgment is on the moving party to identify the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once that burden is satisfied, the burden shifts to the non-moving party to demonstrate, through the production of evidence listed in Fed. R. Civ. P. 56(c)(1), that there remains a "genuine issue for trial." *Celotex*, 477 U.S. at 324. The non-moving party may not rely upon the pleading allegations. *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995) (citing FED. R. CIV. P 56(e)). All reasonable doubts and inferences to be drawn from the facts are to be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## Discussion

Plaintiff concedes in his affidavit he would like to dismiss Defendant Williamson and Defendants Doe. I therefore GRANT Defendants' motion for summary judgment as to these two defendants and dismiss them.

2 – OPINION AND ORDER

A.  Plaintiff's Motion for Summary Judgment

Plaintiff's motion for summary judgment consists of different quotations from case law explaining the elements of retaliation and the standard for summary judgment. While Plaintiff may prevail at another stage of the litigation, in reviewing Plaintiff's motion for summary judgment, I am required to take the facts in the light most favorable to Defendants. Defendants dispute many of the facts underlying Plaintiff's claim including 1) whether Defendant Hawkins was acting for a retaliatory purpose at any point; 2) whether Defendant Hawkins ever told other inmates Plaintiff was informing on them; 3) whether five inmates were sitting at the table on June 30, 2014; and 4) whether Defendant Hawkins said he would "get Harper." There remain genuine issues of material fact as to the incidents giving rise to Plaintiff's claims. I therefore DENY Plaintiff's motion for summary judgment.

B.  Defendants' Motion for Summary Judgment

Defendants base their motion for summary judgment on Plaintiff's failure to exhaust for claims 1, 2, and 4 and on the merits for claims 3 and 5.

a.  Claim 1 – Incident on June 24, 2014

Defendants argue Plaintiff has failed to exhaust his first claim. It is undisputed Plaintiff appealed his grievance to the level of a second appeal. On the same day the second appeal was accepted, Plaintiff met with the grievance coordinator, Mr. Taylor. Taylor claims Plaintiff offered to resolve the dispute if an orderly position was offered to him. Plaintiff claims "I had proof that Defendant Hawkins had lied, and Mr. Taylor did not have the power to terminate Defendant Hawkins, Mr. Taylor asked me what I wanted. I asked him if he could assign me a unit orderly job . . . that grievance had been closed previously." (Pl. Decl. at 3.) However, the

3 – OPINION AND ORDER

Inmate Communication Form submitted by Mr. Taylor indicates Plaintiff wrote to Mr. Taylor: "I received the notice that [the] level 2 appeal was accepted . . . If it is easier, I'll consider it resolved with a unit job." (James Decl. at 61.)  Plaintiff does not dispute he authored and sent the Inmate Communication Form.  From that form, it is clear Plaintiff engaged in settlement negotiations.

Defendants' argument is somewhat distanced from a typical exhaustion defense in that it relies on the effect of settling a grievance.   There is little case law addressing the effect of settling grievances with prison officials.  What little there is indicates if a prisoner obtains a positive outcome, it would be counterintuitive to then require the prisoner to appeal in order to fulfill the exhaustion requirement.  *Abney v. McGinnis*, 380 F.3d 663, 668 (2d Cir. 2004) (there is no mechanism in prison regulations that allows inmates to appeal a favorable decision and so claim was exhausted with favorable decision); *Kaplan v. N.Y. State Dep't of Corr. Servs.,* 2000 WL 959728, at *3 (S.D.N.Y. July 10, 2000) (holding prisoner who successfully appealed grievance had exhausted available administrative remedies even though he did not appeal the non-implementation of the solution); *McGrath v. Johnson*, 67 F. Supp. 2d 499, 510 (E.D. Pa. 1999) *aff'd*, 35 F. App'x 357 (3d Cir. 2002) (holding successful resolution of a grievance cannot be appealed, so Plaintiff exhausted his administrative remedies).

However, our case is distinguishable from the cases that have held a prisoner's positive outcome obviates the need for exhaustion.  In the cases above, the settlement offer was a corrective step by the prison which addressed the underlying violation.  In addition, the prisons later refused to implement the promises they had given as part of the settlement process.  In these cases, the prisoners *had* pursued administrative relief and had, in theory, achieved it.  Here, Plaintiff abandoned his efforts to obtain administrative relief in exchange for an orderly job.

Plaintiff could have pursued administrative relief further and chose not to for reasons disconnected from the underlying dispute. In addition, there is no indication that the prison rescinded the promised job. As such, typical rules of preclusion apply and bar Plaintiff's claim. Settlements "are intended to preclude any further litigation on the claim presented." *Arizona v. California*, 530 U.S. 392, 414 (2000). Plaintiff's language in his communication form is a clear offer of settlement. Defendants' actions indicated they understood it as such. There is no allegation the prison failed to fulfill its end of the bargain. Therefore, I GRANT the Defendants' motion as to claim 1.

    b. <u>Claim 2 – Incident of June 18, 2014</u>

Defendants move for summary judgment on the grounds that Plaintiff has failed to exhaust the grievance process as to claim 2. Plaintiff claims he grieved the underlying conduct and sent follow-up communication forms when the initial grievance was not addressed. He testifies to these facts in his declaration and offers another declaration from his medical helper that says Plaintiff did in fact file a grievance related to this episode. Defendant claims they did not receive any grievance.

If there are factual disputes as to the grievance process, I am required to deny summary judgment and hold an evidentiary hearing. *Albino v. Baca*, 747 F.3d 1162, 1170. Disputed factual questions relevant to exhaustion should be decided by the judge, in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue. *Id*. I therefore DENY summary judgment and the case will proceed to an evidentiary hearing on the matter of exhaustion.

   c. Claim 3- Incident of June 30, 2014

  On June 30, 2015, Defendant Hawkins issued a misconduct report to Plaintiff for sitting five inmates to a table when only four were allowed. Plaintiff claims there were only four inmates at the table and Defendant Hawkins issued the report as a means of retaliation. Defendants move for summary judgment on claim 3 claiming Plaintiff cannot succeed in showing that Defendant Hawkins's actions substantively amount to retaliation. Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so. *Brodheim v. Cry,* 584 F.3d 1262, 1269 (9th Cir. 2009). A retaliation claim has five elements: 1) protected conduct by the prisoner; 2) adverse action by the official; 3) a causal connection between the protected conduct and adverse action; 4) the official's acts would chill the protected conduct of a person of ordinary firmness; and 5) no legitimate penological goal was advanced. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012).

  Defendants argue Plaintiff can show neither a causal connection between the adverse action and the protected conduct nor that Defendant Hawkins' actions failed to advance a legitimate penological goal. Defendants claim the cause of Hawkins' actions was the actual violation of having five prisoners sitting at a table, the occurrence of which is supported by statements from Defendant Hawkins and Inmate Glover. However, Inmate Glover wrote "Inmate Scibner was at the table next to us . . . turned in his chair to say hello, he was not . . . at our table or part of the game." (First Glover Decl. at 2) The tables were roughly two feet apart, making it easy to converse at another table while remaining at your own. *Id.* Inmate Glover also writes that Hawkins approached him later to say he had been "caught up" in his fight with Plaintiff when he issued the misconduct report. Taking this evidence in the light most favorable to the Plaintiff, Plaintiff has shown enough evidence that retaliation may be the "but for" cause

of Defendant Hawkins actions. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 917 (9th Cir. 2012). Whether Defendant Hawkins advanced a legitimate penological goal also turns on the resolution of the disputed factual issue. Taking the facts in the light most favorable to Plaintiff, Plaintiff has produced evidence there were not five people at the table. It cannot be said to support a penological goal to issue a false misconduct reports. I therefore DENY Defendants' motion as to claim 3.

      d.   Fourth Claim – Incident on July 2, 2014

Defendants move for summary judgment on the grounds that Plaintiff has failed to exhaust the grievance process as to claim 4. Plaintiff improperly used discrimination complaints, rather than grievance forms, to submit his complaint. When the complaints were returned to Plaintiff because he had not described how the alleged misconduct was a result of discrimination, Plaintiff did not resubmit them.

Plaintiff claims he was forced to use the discrimination forms rather than the grievance forms because Defendant Hawkins had deprived him of all grievance forms. Defendants offer nothing to rebut this testimony. An inmate is required to exhaust only *available* remedies. *Booth*, 532 U.S. 731, 736 (2001); *Brown v. Valoff*, 422 F.3d 926, 936–37 (9th Cir. 2005). To be available, a remedy must be available "as a practical matter" and must be "capable of use; at hand." *Brown*, 422 F.3d at 937 (internal quotations and citations omitted). Because litigants are requires to exhaust only "available" remedies and, taking the facts in the light most favorable to Plaintiff, there was no available remedy due to the lack of grievance form, Plaintiff did exhaust his administrative remedies. I therefore DENY Defendants' motion for summary judgment.

e. <u>Fifth Claim – Incident on July 5, 2014</u>

On July 5, 2014, Plaintiff approached several inmates and recruited them to become involved in a lawsuit against Defendant Hawkins. Defendants Cleaver issued a misconduct report and Defendant Whitley signed off on the report against Plaintiff for Unlawful Organization transferring Plaintiff to the Disciplinary Segregation Unit. Plaintiff argues filing a lawsuit is not a security threat activity and therefore the discipline he received was retaliation. Plaintiff also claims Defendants Whitley and Cleaver became aware of his communication with other inmates because Defendant Hawkins, citing fictional confidential informants, had told them as much. Defendants have moved for summary judgment on the grounds that the actions of Defendants Whitley, Cleaver, and Hawkins do not amount to retaliation.

    i. Defendants Cleaver and Whitley

Plaintiff has offered no evidence to show retaliation was the motivation for Defendants Cleaver and Whitley's actions. Plaintiff's grievances, to that point, were only against Defendant Hawkins. Plaintiff offers nothing to suggest Defendants Cleaver and Whitley were in cahoots with Hawkins or acting with knowledge of his alleged retaliatory purpose. The only potential evidence Plaintiff offers is that at some earlier point he had reported Defendant Whitley for being intoxicated and confrontational at work. Without more, including no reference to the temporal proximity between the two events or to Defendant Whitley's awareness of Plaintiff's complaints, Plaintiff cannot show retaliation was the but-for cause in Defendant Whitley's actions. I therefore GRANT Defendants' Motion for Summary Judgment as to Defendants Whitley and Cleaver.

      ii.    Defendant Hawkins

The only potential adverse action taken by Defendant Hawkins was to pass on information about Plaintiff's organizing activities, something Plaintiff has admitted to doing. That action supported a legitimate penological purpose of investigating whether or not Plaintiff was engaged in unlawful organizing. Beyond sharing information with his fellow correctional workers, there is no action Defendant Hawkins took related to this claim. As Defendant Hawkins' actions supported a legitimate penological purpose, I GRANT Defendant's motion as to Defendant Hawkins.

    f.    <u>Supervisory Liability</u>

The only remaining supervisory claim is against Defendant Nooth, the Superintendent of SRCI. Plaintiff swears in his affidavit that he made Defendant Nooth aware of the issues through inmate communication forms and that when he called the superintendent's office, one of the associates confirmed they were aware of his concerns.

Defendants argue the superintendent's inaction after the alleged violation took place cannot establish the causation necessary to establish liability under § 1983. This argument ignores the standard for causation in a supervisory liability situation. The Ninth Circuit has explained "the requisite causal connection can be established . . . by knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury." *Starr v. Baca*, 652 F.3d 1202, 1207–08 (9th Cir. 2011) (quotations and citations omitted). Plaintiff has presented evidence that he communicated Defendant Hawkins's actions to Defendant Nooth. Plaintiff has also presented evidence the series of alleged retaliatory acts continued after that communication. In viewing the facts in the light most favorable to Plaintiff, Defendant Nooth knowingly refused to terminate

a series of acts by Defendant Hawkins which Defendant Nooth should have known would have inflicted constitutional injury. If this were my only basis for consideration, I would deny Defendants' motion. However, the issue of exhaustion remains.

While Defendants do not raise it, the issue of exhaustion is at play in supervisory liability claims as well. Supervisory liability claims, like any other claim, must be exhausted. As the United States Supreme Court has repeatedly acknowledged, administrative exhaustion is not an optional step on the road to litigation; it "is mandatory," and "unexhausted claims cannot be brought in court *Carrillo v. Gillespie*, No. 2:12-CV-02165-JAD, 2014 WL 1307454, at *5 (D. Nev. Mar. 28, 2014) (quoting *Jones v. Bock*, 549 U.S. 199, 216 (2007). Whether exhaustion is obtained by addressing the underlying action, and thus could be satisfied by exhausting claims against an underling or obtained by addressing the potential defendant depends on the state's grievance system. In *Jones,* the Supreme Court found "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances." *Jones*, 549 U.S. at 219. Rather, all that is required by the PLRA is "[c]ompliance with prison grievance procedures," which vary by system. *Id.* at 218. Oregon's rules focus on the "matter, action, or incident" rather than the person. OAR 291-109-140(d). "Matter, action, or incident[,]" in the context of supervisory liability, can be interpreted in one of two ways. Either it refers to the underlying incident (i.e. the constitutional violation performed by the underling) or it refers to the supervisor's inaction. I view supervisor inaction as a separate matter, action, or incident, requiring a separate grievance. Plaintiff has brought no grievance pertaining to Defendant Nooth's inaction. Therefore, he has not met the exhaustion requirements of the PLRA. The claims against Defendant Nooth are DISMISSED.

**Conclusion**

For the reasons stated above, Plaintiff's Motion for Summary Judgment is DENIED. Defendants' Motion is GRANTED IN PART and DENIED IN PART. It is GRANTED with respect to claims 1 and 5. It is DENIED with respect to claims 2, 3, and 4. All claims against Defendants Whitley, Cleaver, Nooth, Williamson and Doe are dismissed. I will proceed to an evidentiary hearing on the factual disputes surrounding the exhaustion of claims 2 and 4.

IT IS SO ORDERED.

DATED this __30th__ day of March, 2016.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
Chief United States District Court Judge